IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Javier Gonzalez Loza, ) | Case No.: 0:24-1492-JD-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Joseph, FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 10.) Petitioner Javier Gonzalez Loza ("Petitioner" or "Loza"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging Respondent Warden Joseph, FCI Bennettsville ("Respondent"), "failed to apply my 3585(b) calculation of a term of imprisonment credit for prior custody." (DE 1, p. 2.)

On April 10, 2024, the Court issued an order directing Petitioner to file the documents ("Order") necessary to bring this case into proper form for the issuance and service of process. (DE 5.) The Order warned Petitioner that his failure to comply with the Order within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the Court under Rule 41 of the Federal Rules of Civil Procedure. The Order was mailed to Petitioner at the address he provided the Court, but the mail was returned as

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

undeliverable. Petitioner has not responded to the Order or contacted the Court since he filed this case.

The Report was issued on May 22, 2024, recommending that Petitioner's Complaint be summarily dismissed for failure to prosecute. (DE 10.) Petitioner did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 10) and incorporates it here by reference.

It is, therefore, **ORDERED** that Loza's Petition is dismissed without prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 12, 2024

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.